### THE NATIONAL INSURANCE COMPANY

*v.*

### SIDNEY T. WEBSTER.

1. ADMISSION—*effect of, to prevent a continuance.* An admission, made to prevent a continuance, in an action upon a policy of insurance, that certain papers showed a bill of sale from the assured, absolute on its face, made after the policy and before loss, is not an admission of a sale of the property insured, and does not preclude the party from showing the transaction was, in fact, only a mortgage.

2. MORTGAGE—*bill of sale absolute in form.* A bill of sale of a vessel, like a deed absolute on its face, may be shown, by parol, to be, in fact, a mortgage, only, or a mere security for a debt.

3. MARINE INSURANCE—*negligence, to release insurer.* If a loss of a vessel is incurred, by a peril insured against, the insurer is liable, although the remote cause be the negligence of the officers and crew. If the negligence is so gross as to authorize the presumption of fraud, the insurer may not be liable.

APPEAL from the Superior Court of Cook county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. E. W. & W. W. EVANS, for the appellant.

Messrs. RAE & MITCHELL, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Superior Court of Cook county, on a policy of insurance, written by the National Insurance Company to Sidney T. Webster, upon the body, tackle, apparel and other fixtures of the propellor " Equator."

A jury was waived, and the issue tried by the court, who found for the plaintiff, and assessed the damages at three thousand two hundred and twenty.dollars and eighty cents. Exceptions were duly taken, and an appeal prayed and perfected to this court.

It appears, from the record, that, for the purpose of avoiding a continuance of the cause, and that the trial should then proceed, it was agreed between the parties, certain admissions should be made, which, if competent as evidence, might be used by the defendant on the trial, which admissions were then and there reduced to writing, and filed in the cause. One of these admissions made by the plaintiff was the following: " That the papers at the custom house at Buffalo will show that the bill of sale from Webster to Buck is absolute on its face, and was made after the policy of insurance was issued, and before the loss occurred, and that the paper now stands."

An elaborate argument is made by appellant as to the quality and extent of this admission, the company contending it precludes the plaintiff, and admits away his case.

We do not so understand it. When analyzed, it will be seen the extent of the admission is, that the papers in the custom house at Buffalo would show a bill of sale absolute on its face from Webster to Buck. To prevent a continuance, this admission was made. But suppose the bill of sale was present,—will it be denied, the maker of it would have the right to show, by

parol, that, although absolute on its face, it was intended by the parties to it as a mortgage, only? This is permitted as to lands conveyed by a deed absolute on its face, and why not with respect to a vessel? The admission of the fact, then, that the papers would show an absolute bill of sale did not preclude the plaintiff, who made the bill of sale, from showing it was only a mortgage, and so intended. The admission was not, there was, in fact, an absolute sale, but only that the papers at the custom house at Buffalo would read so read, leaving it open to the plaintiff to show, by proof, the transaction was, in fact, a mortgage. It was competent to show that, at the date of the bill of sale, the relation of debtor and creditor existed between these parties. The facts show, this relation continued until after the loss of the vessel, when it was discharged by Webster. All the facts tend to show, not an absolute transfer of the vessel, but a mortgage, simply.

On the other point, that the vessel was lost by the negligence of the persons in control, it will be observed, the policy in question was not a voyage policy, but a time policy for one year. Was the negligence charged so gross as to authorize the presumption of fraud, which would constitute barratry, the underwriters might not be liable; but that is not claimed in this case, and if claimed, there is no evidence on which to base it.

We understand, it is the settled rule in this country and in England, if a loss is incurred by a peril insured against, the insurers are liable, although the remote cause be the negligence of the officers and crew. The proximate cause was the storm, a peril of the sea and of navigation, and that was the risk taken by the company. *Waters* v. *Merchants' Life Ins. Co.* 1 McLean, 275, 11 Peters, 213; *Firemen's Insurance Co.* v. *Powell,* 13 B. Monroe, 311; *Nelson* v. *Suffolk Ins. Co.* 8 Cushing, 477; *Walker* v. *Maitland,* 5 Barn. and Ald. 175; *Dixon* v. *Sadler,* 5 Mees. and Wels. 405; 2 Arnould on Insurance, 770.

We find the vessel was the property of appellee when insured and when lost; that the storm was the proximate cause

of the loss, and that peril the policy assumed; consequently, there was no error in the finding and judgment of the court in favor of appellee, and the judgment must be affirmed.

*Judgment affirmed.*