## Greenwich Insurance Company
### v.
### Charlotte Raab, Ex.

1. Marine insurance.—In marine insurance, if the loss is incurred by a peril insured against, the insurer is liable, although the remote cause may be the negligence of the officers and crew.

2. Exception as to negligence in managing vessel.—In such cases, the proximate and not the remote cause is to be considered, and although the policy may contain an exception as to injuries caused by negligence in sailing the vessel, such exemption does not arise unless the negligence is the proximate cause.

3. Instruction to find verdict for plaintiff.—It is error, where there are issues of fact, and evidence in support of the issues, for the court to direct the jury to find a verdict for one party. It works a deprivation of a party's right to a trial by jury.

Appeal from the Superior Court of Cook county; the Hon. Sidney Smith, Judge, presiding. Opinion filed November 29, 1882.

Messrs. Kneip & Morrison, for appellant; that the liability of an insurer where the remote cause of the loss is the negligence of the insured, the negligence or misconduct not amounting to barratry, is a vexed question, cited Andrews v. Essex Mar. Ins. Co. 3 Mass. C. C. 6; Grim v. Phœnix Ins. Co. 13 Johns. 451; Howell v. Cincinnati Ins. Co. 7 Ohio, 276.

Against the right of the court to give an instruction directing a verdict: Milliken v. Marlin, 66 Ill. 13; Chicago v. Scholten, 75 Ill. 468.

Messrs. Schuyler & Follansbee, for appellee; that where the proximate cause of the loss is within a peril insured against, the insurer is liable, though the remote cause may be the negligence of the insured, cited Nat. Ins. Co. v. Webster, 83 Ill. 470; Waters v. Mer. Louisville Ins. Co. 11 Pet. 213; Nelson v. Suffolk Ins. Co. 8 Cush. 477; Fireman's Ins. Co. v. Powell, 13 B. Mon. 311; Walker v. Maitland, 5 B. & Ald. 173; Dixon v. Sadler, 5 Mers. & W. 405; 2 Arnould on Insurance, 770.

Bailey, P. J.  This was an action of assumpsit brought by Charlotte Raab, executrix of the last will and testament of C. Raab, deceased, against the Greenwich Insurance Company, to recover for a loss under a marine policy of insurance.  By said policy the defendant, for account of said C. Raab, caused the sum of $3,000 to be insured upon the body, tackle, apparel, etc., of the schooner called Charlotte Raab, for a certain term; said schooner to navigate the waters of the Great Lakes, etc., and among the exceptions to the adventures and perils which, by said policy, the defendant undertook to bear was barratry, and also a want of ordinary care and skill in navigating said vessel.

The injury complained of was sustained by the schooner while being towed down the Chicago river, by being blown against one of the abutments of the Illinois Central Railroad bridge.  At the time of the collision the schooner had several of her sails set, and a sudden gust of wind arose and filled the sails, driving her against the abutment and causing the injury.

At the trial the defendant, after proving the circumstances of the collision, offered expert testimony, tending to show that attempting to tow the schooner out of the Chicago river in the manner shown by the evidence, with a portion of her sails set, was negligent and unskillful navigation of the vessel, which testimony was excluded. Various instructions were asked by the defendant, based upon the hypothesis of careless and un- skillful navigation of the schooner, which were refused by the court, and thereupon, as the record recites, " the court, not allowing the jury to retire from their seats, orally instructed them to find for the plaintiff, to which said act on the part of the court the defendant, by its counsel, did then and there ex- cept." The verdict and judgment were for the plaintiff.

We think the court decided correctly in excluding the evi- dence offered, and in refusing to give the defendant's instruc- tions. The rule is well settled in marine insurance, that if a loss is incurred by a peril insured against, the insurers are liable, although the remote cause may be the negligence of the officers and crew. The proximate cause of the injury com- plained of in this case was the wind, a peril of the sea and of navigation, and that was a risk taken by the defendant. Na- tional Ins. Co. v. Webster, 83 Ill. 470. It is true the policy excepts from the perils assumed, want of ordinary care and skill in navigating the vessel. It must be remembered, how- ever, that the proximate and not the remote cause is to be considered; and also, that the language of the policy is to be construed most strongly against the insurance company; and applying these two rules to the interpretation of the policy, it is clear that the exception in the policy of the peril arising from a want of ordinary care and skill in navigating the ves- sel, exempts the company from liability only in those cases where such want of care and skill is the proximate cause of the loss.

But we think the court erred in instructing the jury to find for the plaintiff, and also in giving such instruction orally. The defendant's plea was the general issue, which put the plaintiff upon proof of her whole case. Her right to a ver- dict depended upon proof of various facts going to make up

her cause of action, which it was the province of the jury and not of the court to find. By the instruction the court took upon itself the exercise of all the functions of the jury, and decided for them all questions of fact involved in the case, except the mere matter of the assessment of damages. If the court, without the consent of the parties, had dispensed with a jury altogether, and tried the issue himself, it will scarcely be contended that such course would have been justifiable. But in so doing he would have deprived the defendant of the benefits of a trial by jury, so far as the trial of the issue was concerned, no more effectually than he did by peremptorily instructing the jury to find for the plaintiff.

The statute provides that no judge shall instruct the petit jury in any case, civil or criminal, unless such instructions are reduced to writing. The mandate of the statute is clear, and we can not do otherwise than pronounce an instruction given in violation of its terms erroneous. It is claimed that the instruction, though erroneous, worked no injury to the defendant, the plaintiff's right to recover on the proofs being clear, and that therefore the judgment ought not to be reversed therefor. Where a party is, without his consent, deprived of a right guaranteed to him by an express provision of law, it is not for us to examine the case narrowly to ascertain whether he has in fact been injured. The right is guaranteed for a purpose which the law deems wise and beneficial, and injury will be presumed from its violation.

For the error in giving said instruction the judgment will be reversed, and the cause remanded.

Judgment reversed.