## French, Potter & Wilson
### v.
## S. Wolf.

*Practice—Error without Prejudice—Oral Instruction—Attachment.*

1. An error in practice, which is not injurious to the party complaining, is not sufficient ground for reversal.

2. In the case presented, it is *held:* That the technical error of the court below in orally instructing the jury to find for the defendant, in the absence of any evidence to support the issue, instead of in writing, is not sufficient ground for reversal.

[Opinion filed May 18, 1887.]

Appeal from the Circuit Court of Cook County; the Hon. C. B. Smith, Judge, presiding.

Messrs. Weigley, Bulkley & Gray, for appellants.

Both the Supreme Court and this court have had occasion to pass upon this section of the statute, and have always held that the statute was too plain to need any construction, and that whatever may be the wisdom of the provision, or the effect in any one case, it was clearly the duty of the court to enforce the statute as it finds it. Bloomer v. Sherrill, 11 Ill. 483; Ray v. Wooters, 19 Ill. 82; Greenwich Ins. Co. v. Raab, 11 Ill. App. 636; I. C. R. R. Co. v. Hammer, 85 Ill. 526.

Mr. B. M. Munn, for appellee.

French, Potter & Wilson v. Wolf.

*Per Curiam.* This suit was commenced by attachment before a Justice of the Peace, and went to the Circuit Court by appeal. On the trial in the Circurt Court, after the plaintiffs' evidence was all in, the defendant moved to quash the attachment on the ground there was no evidence to support it. The court thereupon said : " The evidence will be withdrawn from the jury, and the jury directed to return a verdict for the defendant on the attachment, and a verdict for the plaintiff on the issue joined on the debt."

The jury, without leaving their seats, rendered a verdict for the defendant upon the attachment, and for the plaintiffs on the debt, assessing plaintiffs' damages at $65.83. Plaintiffs excepted to the instruction to find a verdict for the defendant on the attachment issue, and contends here that the judgment must be reversed because the court instructed the jury to find such verdict orally.

There was no evidence to support the attachment affidavit against S. Wolf, who was the defendant, all the evidence on that issue having reference in fact to the husband of S. Wolf, whom the plaintiffs mistakenly supposed to be S. Wolf. The court therefore properly withdrew all such evidence from the jury, as it had no reference to the issue made in the case they were trying.

There being no evidence then before the jury to support an issue of which appellants held the affirmative, the verdict of the jury must of necessity have been against the appellants on that issue. The verdict then is right, and the error of the court in orally instructing the jury as to what the verdict should be in such case instead of in writing as the statute requires, was one which caused appellants no injury, and it is well settled that an error in practice which is not injurious to the party complaining of it, will not reverse.

The portion of the instruction complained of was not a direction to the jury upon facts which they had before them for consideration, but a statement of what was the duty of the jury when no facts whatever were before them in support of the issue submitted to them. The error is entirely and purely a technical one, and could in the nature of the case have

caused no wrong nor injury to the appellant. It is well settled that such an error will not reverse. The case of Greenwich Insurance Co. v. Raab, 11 Ill. App. 636, cited by counsel for appellant, was one where there were issues of fact before the jury, and evidence in support of those issues, and the court held that in such a case we would not examine narrowly to ascertain whether injury had been done by the improper instructions. Here it is very clear that no injury has been done. There is no room whatever for a presumption to the contrary. We can not reverse for such an error and the judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*