## Lake Shore & Michigan Southern Railway Company v. Michael Enright.

### Gen. No. 12,609.

1. DECLARATION—*when states cause of action.* A declaration states a good cause of action which alleges that the plaintiff (not a servant of the defendant) was rightfully and lawfully and in the exercise of due care on a railroad track over which the defendant was operating a locomotive, and that he was passing from an engine on which he was employed to the office of the company that employed him, and that the defendant ran the locomotive it was operating along said track carelessly, failing, as it did so, to ring a bell, as it was required by law to do, and in consequence of its said failure to perform its legal duty in ringing a bell, he, the plaintiff, did not know the locomotive was approaching him, and it ran over him and injured him.

2. NEW CAUSE OF ACTION—*when amendment does not set up.* An amendment to a declaration which adds a mere matter of detail, does not set up a new cause of action.

3. CONTRIBUTORY NEGLIGENCE—*what not, as a matter of law.* It is not contributory negligence, as a matter of law, for a person riding on the step of an engine to jump therefrom without looking for approaching trains.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed October 29, 1906.

**Statement by the Court.** This appeal is from a judgment of the Superior Court of Cook county in favor of appellee and against appellant. The judgment is for $6,000 and costs. It was rendered on the verdict of a jury in an action on the case for personal injuries.

The accident resulting in the injury occurred October 31, 1902.

The suit was begun April 16, 1903. The original declaration in two counts was filed June 26, 1903. The first count alleged that the appellant railroad (which we shall call hereinafter the defendant) was on

the date of the accident operating engines and cars within the corporate limits of the city of Chicago on tracks which were not east of Indiana avenue on the shore of Lake Michigan between Twenty-second street and Park Row; that there was then an ordinance of the city of Chicago in force which provided that the bell of each locomotive engine should be rung continually when running on tracks so situated; that the appellee (hereinafter called the plaintiff) was then employed by the Chicago Junction Railway, which operated a railroad at the Union Stock Yards in Chicago consisting of a number of parallel tracks on which it ran engines and cars; that the plaintiff was employed as a fireman on one of its engines by the Chicago Junction Railway, and that while he was so employed he attempted to cross one of the said tracks in said Stock Yards, and while he was doing so, and while he was exercising ordinary care for his own safety, the defendant, through certain of its servants, was operating a locomotive engine eastward along the track which he was thus attempting to cross, and in doing so wrongfully and carelessly failed to ring the bell of the said engine; that as a result of said failure the plaintiff failed to discover the approach of said engine and the same ran over his left foot and so crushed and mangled it that a part of it had to be amputated, to his great damage.

The second count described the same accident without alluding to the ordinance concerning the ringing of locomotive bells, or to a failure to ring a bell on the defendant's engine, but generally averred that the defendant so "recklessly, carelessly and negligently ran, managed and operated" an engine which it was operating eastward over the track which the plaintiff was crossing, that it ran over the plaintiff.

To this declaration a general and special demurrer was filed by the defendant July 8, 1903, and was thereafter sustained. October 6, 1904, an amendment to

each count of the declaration was filed by the plaintiff, further describing the accident as happening to him "in passing from his engine to the office of the Chicago Junction Railway Company, where drinking water was kept, to get a drink of water, as he alleges he had a lawful right to do."

A second general and special demurrer filed to the declaration as thus amended was sustained by the court. December 3, 1904 (more than two years after the accident), the declaration was again amended, and to each count there was added the statement that the plaintiff's attempt to cross the track was in passing from his engine "where he had been discharging his duties as a fireman," and that not only did he have a lawful right to go to get a drink of water at the office of the railway, but also that he had "the consent and permission of his said employer so to do," and that "in passing from his said engine to said office and in order to get said drink of water he was required to cross said track."

A plea of the Statute of Limitations and a plea of the general issue were filed by the defendant to the amended declaration. The plaintiff thereupon filed a *similiter* to the general issue and a demurrer to the plea of the Statute of Limitations. February 24, 1905, the court sustained the plaintiff's demurrer to the plea of the statute, and the defendant elected to stand by the plea.

It is one of the alleged errors insisted on in this court by the appellant, that the trial court erred in refusing to hold that the plaintiff's amended declaration filed on December 3, 1904, stated a new cause of action, and in refusing to hold that the plea of the Statute of Limitations filed thereto was a good plea.

At the trial of the cause the counsel for defendant contended that evidence pertaining to the condition of the headlight on the Lake Shore engine which ran over plaintiff's foot, and as to whether its

bell was ringing or not, was not pertinent to the issues of the case, and objected to all such evidence and to the admission of the ordinance requiring bells to be rung.

The trial judge admitted the ordinance and evidence of the nature alluded to, subject to exclusion upon motion after argument, without prejudice on account of cross-examination or rebuttal. The defendant's motion to exclude said evidence, made at the end of the plaintiff's case and at the conclusion of all the evidence, was, however, denied, as was also a motion to strike out certain specified evidence pertaining to a question concerning the existence of a custom for employes to leave their engines to get drinking water at the office. These rulings of the court are assigned in this appeal as errors.

At the close of the plaintiff's evidence, and at the close of all the evidence, the defendant moved for a peremptory instruction, which motions were overruled. That action of the court is also in this appeal alleged by the defendant to be erroneous.

At the request of the plaintiff the court gave two instructions to the jury, which are not complained of by defendant in argument.

At the request of the defendant the court gave eight instructions, numbered from 3 to 10 inclusive. It refused five others tendered by the defendant, numbered from 11 to 15 inclusive. Of the refusal of each and all of these the defendant complains. It also complains of the denial of a motion for a new trial and of a motion in arrest of judgment, claiming in behalf of the former motion that the verdict was against the weight of the evidence, and in behalf of the latter that the declaration, even as finally amended stated no cause of action.

GLENNON, CARY, WALKER & HOWE, for appellant.

JAMES C. McSHANE, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Contentions of the defendant which lie at the foundation of its complaint against this judgment are, that the declaration neither before nor after its amendment on December 30, 1904, stated a good cause of action, and that even if it did after said amendment sufficiently state a cause of action to sustain a judgment, this was the result of that amendment, made more than two years after the accident. For these reasons, it is insisted that the trial court erred in refusing to arrest judgment after verdict, and that at all events it erred in sustaining the demurrer filed by the plaintiff to the plea of the Statute of Limitations. Much refinement has been introduced by counsel for each party into the discussion of these contentions, but the question involved does not seem to demand at our hands that we follow in detail the arguments respectively elaborated.

After the declaration was amended on October 6, 1904, it alleged in its first count in effect that the plaintiff (who was not a servant of the defendant) was rightfully and lawfully and in the exercise of due care on a railroad track over which the defendant was operating a locomotive, that he was passing from an engine on which he was employed to the office of the railway company that employed him to get a drink of water, and that the defendant ran the locomotive it was operating along said track carelessly, failing, as it did so, to ring a bell, as it was required by law to do, and in consequence of its said failure to perform its legal duty in ringing said bell, he, the plaintiff, did not know the locomotive was approaching him, and it ran over him and injured him.

It is unnecessary for us to decide whether the special demurrer was properly sustained to this count. It stated a good cause of action and would have been good after verdict at least, and this is sufficient for the purposes of our decision, for the declaration as it

was further amended after two years had expired added further detail to, but omitted nothing from the statement above set out. It merely added the allegations that before leaving the engine to get water, he had been discharging his duties as fireman, and that to get the water it was necessary for him to cross the track, and that he had the consent and permission of his employer to do so.

If these were necessary additions to make the declaration good as against a special demurrer, as the court below evidently thought, they were at best only the required supplement to a defective statement of the cause of action already made. They were clearly not the statement of any new or different cause of action. Therefore, we do not think the court erred either in refusing to arrest judgment or in sustaining the demurrer to the plea of the Statute of Limitations.

It inheres in our view that the declaration states a good cause of action, that the elaborate discussion by counsel of the precise relation between the plaintiff and defendant, and of the numerous cases cited by each party, does not call for analysis from us.

We have carefully considered all the authorities cited, however, and find nothing inconsistent with the view that the plaintiff, under the circumstances set forth in the declaration, was not a trespasser, but a person rightfully and lawfully on the tracks of his employer—not indeed engaged at the moment in the performance of a duty necessarily required of him by that employer, but still acting within the general scope and line of his employment. Such, we think, is the reasonable doctrine laid down by our Supreme Court in such cases as Heldmaier v. Cobbs, 195 Ill. 172, and Spry Lumber Co. v. Duggan, 182 Ill. 218, and by this court in C. T. R. R. Co. v. O'Donnell, Admr., 114 Ill. App. 345. It is also well fortified by authority from other jurisdictions.

But in any event and irrespective of what might have been the duties of his employer to the plaintiff

at the time of the accident, we think it plain that the defendant, who was not his employer, was bound, under the circumstances, in running its locomotive over the tracks of his employer, to exercise due care not to injure him.

The questions, therefore, to be decided, are those present in every personal injury case: Was there contributory negligence on the part of the plaintiff? And, if not, did the defendant's negligence cause the injury?

The appellant argues that, having regard to the evidence, the first of these questions must be answered in the affirmative, and the second in the negative, and that either answer by itself being sufficient to dispose of the plaintiff's claim, the cause should have been taken from the jury by peremptory instruction, or, failing to do so, the court should at least have granted a new trial on the ground that the verdict was against the weight of the evidence.

We do not agree with these contentions. It seems to us that the questions were for the jury under proper instructions. On the question of the plaintiff's negligence, it may truly be said that it was attended with danger at the best to step off a locomotive and cross a parallel track on a dark night where there was no public crossing and no stationary light. Some men, unusually prudent perhaps, would have suffered from thirst a great while before doing it. But we cannot say, as a matter of law, that it was in and by itself negligence, nor under the authorities can we hold even that the plaintiff's riding on the step of the engine for the last fifty feet before he jumped off, without looking to the west for approaching engines, was necessarily and as a matter of law negligent. C. & A. R. R. Co. v. Hansen, 166 Ill. 623; C. & A. R. R. Co. v. Lewandow-Hanson, 166 Ill. 623; C. & A. R. R. Co. v. Lewandowski, 190 Ill. 301; Lake Shore & M. S. Ry. Co. v. Johnson, 135 Ill. 641.

There was evidence that the night was dark through

smoke, that the plaintiff looked both west and east before and after he got onto the step of the engine, and that there were ties on the ground between the tracks, the presence of which compelled his attention at the moment of stepping off in order that he might drop off on a clear space. Besides this there was evidence tending to show that the headlight at the rear of the tank on the backing Lake Shore engine which ran onto him was dim and smoked, and that no bell was ringing—matters which, if they were true, might affect the question of the negligence of the plaintiff in crossing the track when he did, as well as the question of the negligence of the defendant. The plaintiff had a right to expect that the engine bell would be ringing and the headlight properly burning. Chicago City Railway Co. v. Fennimore, 199 Ill. 9-17.

Again, there was evidence that at this particular time engines were infrequently upon this track, and that plaintiff's fellows in the crew of the engine and who were in a better position to see the approach of the engine, did not do so until it was practically abreast of them.

On the whole we cannot say, to quote the language of the Supreme Court in Lake Shore & Michigan Southern Ry. Co. v. Johnson, 135 Ill. 641, "That" (contributory) "negligence has been established as a matter of law," because "the conduct of the injured party has been so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent." To quote further from the same opinion—"Unless the negligence of the plaintiff is proven by such conclusive evidence that there can be no difference of opinion as to its existence upon a mere statement of the facts, the jury must pass upon it."

We do not think that on this question of contributory negligence, which is perhaps the closest in the case, the court erred either in refusing to peremptorily instruct the jury or in refusing a new trial. By in-

structions 5, 6, 7 and 8, given at defendant's instance, the jury were accurately instructed as to the law affecting the question, and we think their decision of it should be regarded as final.

The question of the negligence of the defendant through its servants, for whom it was responsible, was still more clearly a fair matter for the jury.

There was evidence tending to show that this "wild" engine on a dark night, through a smoky district, was backing down where parallel tracks were numerous and employes of the Junction Railway likely to be, at a speed of fifteen miles an hour; that its bell was not ringing as required by ordinance, and that the headlight on the approaching end of the engine was burning dimly.

If the jury justifiably believed from the evidence this state of things to exist, then we think their verdict was justified. The evidence was certainly contradictory, and there was testimony tending to disprove all these allegations; but it was a fair question for the jury to pass on, under proper instructions, whether in the conduct of defendant's servants with the engine there was negligence.

The Supreme Court said in Wabash Railway Co. v. Brown, 152 Ill. 484, and repeated in Pittsburg, Ft. Wayne & Chicago Ry. Co. v. Callaghan, 157 Ill. 412, "Negligence is ordinarily a question of fact. Where the evidence on material facts is conflicting, or where on undisputed facts fair minded men of ordinary intelligence may differ as to the inferences to be drawn, or where on even a conceded state of facts a different conclusion would reasonably be reached by different minds, in all such cases negligence is a question of fact."

We do not think in this case the evidence of negligence on the defendant's part was so lacking as to warrant the court in taking the case from the jury, or that the verdict was so clearly against the weight

of the evidence as to justify the trial court or this court in setting it aside.

The only remaining question in the case is the one of instructions. The complaint of appellant is of the refusal of certain instructions tendered by it and marked 11, 12, 13, 14 and 15. We do not think that the court erred in refusing them. We think that as applied to the facts of this case they could not have been properly given, unless the court meant to rule that the plaintiff was not entitled to due care from the defendant in the management of its engine, while crossing the track on which he was struck, unless he was at that moment doing something required of him by his employer. The giving of these instructions would certainly have been likely to lead the jury to think this was the rule of law. As we have before indicated, we do not think this is true. The instructions that were given seem to us fairly to have left the true questions at issue for the jury to decide.

The judgment of the Superior Court is affirmed.

*Affirmed.*