ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. DOUGLAS.

Opinion delivered March 15, 1915.

RAILROADS—INJURY TO PASSENGER ON PLATFORM—CONTRIBUTORY NEGLI-
GENCE.—The engineer of an approaching train has the right to
assume that a crowd on the station platform will get out of the
way of the engine, and will not be liable when plaintiff was struck
because he failed to observe the approaching engine, and could
have saved himself from injury by a slight movement of his body
away from the train.

Appeal from Calhoun Circuit Court; *Charles W. Smith,* Judge; reversed.

*S. H. West, Gaughan & Sifford,* for appellant.

Under the facts shown in evidence, the train opera-
tives had the right to presume that appellee would get
out of the way, until they saw him, or should have seen
him, in the attitude of preparing to write; and, when that
occurred, it was entirely too late to prevent the injury.
90 Ark. 403; 107 Ark. 218, 220.

*H. S. Powell,* for appellee.

There is no denial that, while the train was running
a distance of about 900 feet, the appellee was engaged in
earnest conversation with another man, during which
time he was standing at the same place, and in the same
position where he was struck, and that neither he nor the
one with whom he was talking looked in the direction of
the train or gave the slightest evidence of consciousness
of its approach or of realization of their danger. The
fireman and engineer stated that they could judge from
their positions on the engine whether the pilot beam
would strike a person who was dangerously near the
track; and the jury had the right to believe from the evi-
dence that they did see the dangerous proximity of ap-
pellee to the track and that he was insensible of his dan-
ger.   89 Ark. 496; 107 Ark. 431; 111 Ark. 129.

SMITH, J. Appellee, a traveling salesman, and long
accustomed to travel, was struck by the pilot beam of a
locomotive drawing one of appellant's passenger trains
at Camden on October 2, 1913.   Appellee was severely in-

jured and no complaint is made as to the excessiveness
of the judgment covered.   At the time of his injury ap-
pellee was at the depot to take passage on this train, which
was reported a little late.   He was standing in front of
the depot, opposite the white waiting room door, and
about the west rail of the track.   He saw the train coming,
and started to get his grips, when he met an old acquain-
tance with whom he engaged in a business conversation,
during which he was given an address, which he started
to write down in a memorandum book, but before he wrote
the address the pilot beam of the engine struck him in the
back and injured him seriously.   The injury occurred be-
tween 10 and 11 o'clock in the forenoon and the train was
running at from five to eight miles per hour.   The engi-
neer and fireman both testified they were keeping a look-
out, although the engineer was on the opposite side of the
engine from appellee and could not see him after getting
within sixty feet of him.   There is proof that the whistle
was blown at the usual place and that the bell was ringing
constantly for three-quarters of a mile before the station
was reached, and, while this last statement is denied by
some of the witnesses, none of them deny knowing that
the train was approaching the station.   The engineer tes-
tified that he did not notice appellee and the gentleman
to whom he was talking, and the fireman stated that his
attention was not called to them specially until just before
the pilot beam struck appellee, which was not in time to
have avoided striking him.   The station platform is level
with the top of the rail, and as the train approached a
number of people were scattered along at different places
on the platform, the number being variously stated at
from ten or twelve to seventy-five or more.   Appellee tes-
tified that he did not move during the time the train trav-
eled the last few hundred feet before striking him and
that he did not realize he was in danger.   The testimony
on the part of appellant is that no one was on the track
or in apparent danger.   That there was the usual crowd
to be expected at this station, that it was quite the usual
thing for persons to stand near the track as trains ap-

proached and stopped at stations, and that appellee and his companions were not observed apart from others in the crowd, all the members of which appeared to be aware of the train's approach and to be moving about in antici-pation of its stopping, and that the usual stop was made at the usual stopping place. Appellee testified that he had been nearer the track, and when he saw the train com-ing, stepped away, and that he thought he was in the clear, and no one else on the platform appeared to observe that he was in danger. The pilot beam which struck appellee in the back extended out from the rail a distance of from twenty-eight to twenty-nine and one-half inches.

No error appears to have been committed at the trial either in the admission of evidence or in the giving of in-structions, and the real point in the case is whether, under the facts stated, the cause should have been submitted to the jury or not. The principles of law which govern in cases of this character are well known and have been sev-eral times stated in recent decisions of this court. Appel-lee was of course guilty of contributory negligence and the question for decision is whether appellant was guilty of negligence in failing to discover appellee's presence and danger in time to avoid injuring him. We think this question must be answered in the negative. This is not the case of a person upon the track whose very presence there is a warning to the engineer that he may be injured, and that he will be injured unless he leaves the track. While as to such person the engineer has the right to as-sume he will leave the track, unless something indicates he may not do so, the engineer must exercise care to ob-serve such person and must be prepared to use the means at his hands to avoid an injury. Here appellee was a member of a crowd, every member of which knew of the train's approach and the picture presented to the opera-tives of the train was a composite one. These operatives say they were on the lookout and that there was nothing which came to their view to apprise them that any one was in danger. That the prospective passengers and others stood near the track, as is ordinarily done, and they were

unaware of any one's danger. Appellee was barely in danger. It is true he proved to be nearer the track than any other person, but this injury occurred in a very short space of time. We think it would be imposing a degree of care beyond reason, under the circumstances of this case, to charge the railroad company with knowledge of the fact that appellee was oblivious of his proximity to the track, and only oblivion could have imperiled his safety, a slight step, or possibly an inclination of the body, and he would have been out of danger. No degree of care, consistent with the practical operation of trains, would charge appellant, under the evidence here, with knowledge of appellee's abstraction, and we conclude therefore it was guilty of no negligence.

The judgment of the court below is therefore reversed and the cause dismissed.

Kirby, J., dissents.