to eight years prior to the trial, which was had January 4, 1915; that so far as he knew, his brother Emil never owned nor operated an automobile, and that the latter was a nonresident of Chicago.

GLENNON, CARY, WALKER & HOWE, for appellant; HOWARD T. BALLARD and SIDNEY C. MURRAY, of counsel.

GALLAGHER & MESSNER, for appellee.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

AUTOMOBILE AND GARAGES, § 3*—*when evidence insufficient to support verdict.* In an action to recover for personal injuries alleged to have been caused by an automobile alleged to have been owned, managed and operated by defendant, evidence of defendant's operation or participation in the operation or ownership of the automobile, *held* insufficient to support a verdict against him.

---

### W. E. Fisher, Appellee, v. W. H. Dunn, Appellant.

### Gen. No. 21,337.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed July 20, 1916.

### Statement of the Case.

Action by W. E. Fisher, trading as W. E. Fisher & Company, plaintiff, against W. H. Dunn, defendant, to recover for goods sold and delivered. There was a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

trial by jury, and at the close of all the evidence the court directed the jury to find the issues for plaintiff, and to assess his damages in the sum of $93.49, which was accordingly done, and judgment entered upon the verdict. From such judgment, defendant appeals.

It appeared that defendant purchased groceries and meats from F. F. Brown & Company, and subsequently from plaintiff, who succeeded F. F. Brown & Company. The evidence showed that defendant, at various times, made payment to plaintiff upon stated accounts. Checks evidencing such payments, drawn by defendant and made payable to plaintiff, were in evidence. The last stated account between the parties was for $93.49, rendered August 6, 1914. It was contended by defendant that he did not know he was dealing with plaintiff, but supposed he was dealing with F. F. Brown & Company. The only testimony in the case was that of plaintiff and defendant. The evidence showed that defendant made payments to plaintiff on accounts stated as follows: May 4, 1914, $50; June 6, 1914, $40; July 6, 1914, $55.

CHARLES S. McNETT, for appellant; LOUIS W. McINTYRE, of counsel.

WILLIS MELVILLE, for appellee.

MR. JUSTICE McGOORTY delivered the opinion of the court.

## Abstract of the Decision.

1. ACCOUNT STATED, § 25*—*when evidence sufficient to support verdict.* In an action on an account stated, evidence examined and *held* sufficient to support a verdict for plaintiff.

2. APPEAL AND ERROR, § 1520*—*when failure to give peremptory instruction in writing not ground for reversal.* While it is the better practice when a peremptory instruction is given to find for one of the parties, to give a written instruction, a failure to do so does not constitute reversible error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.