Foreman Trust & Savings Bank, Administrator of the Estate of Edwin Dale Houghton, Deceased, Appellant, v. Chicago Rapid Transit Company, Appellee.

Gen. No. 33,084.

152

H. A. BARNHARDT, for appellant.

ADDISON L. GARDNER and WILLLIAM G. WOOD, for appellee; JOHN A. ROSE, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Edwin Dale Houghton (hereinafter called plaintiff), while standing on the platform of the Fullerton avenue station in Chicago, was struck by a passing express train owned and operated by defendant as part of its elevated railway system, and received injuries from which he died. His administrator brought suit against the defendant to recover compensation and at the conclusion of the evidence offered by plaintiff the court instructed the jury orally to the effect that it was the law of Illinois that, where a person stands too close to a railroad train on a platform, as plaintiff did, he is guilty of contributory negligence which bars a recovery, and thereupon directed the jury to return a verdict of not guilty. From the judgment on the verdict plaintiff appeals.

The accident happened about 5:30 p. m., January 31, 1927. A witness testified it was an extremely clear day. The station platform runs north and south, and plaintiff was struck by a northbound express train which did not stop at this station.

A witness who was on the platform at the time of the accident testified that he noticed plaintiff standing on the side of the platform where the express trains pass. The witness walked southward, passing plaintiff, and noticed that he was in a dangerous position. When he saw the approaching express train he turned to plaintiff and called to him to "get back," but the warning

was too late and plaintiff was struck on the head by the front end of the first car on the express train and fell back on the platform. He subsequently died from the injuries received. At the time this witness passed plaintiff he saw him ''spit over the platform; he was facing west, straight west; he was bent over.'' The witness had gone about 20 feet south of plaintiff when the train struck him. The speed of the train was estimated at 30 to 35 miles an hour. The elevated trains make considerable noise. The witness did not remember whether a whistle was blown or not. He further testified that one would have a clear vision of the oncoming trains for a distance of a mile or three-quarters of a mile along a straight track.

Another occurrence witness testified that he saw plaintiff standing on the platform facing west but did not notice anything about the position of his head and did not notice what he was doing.

Plaintiff presents the well-known rule that on a motion of the defendant for a directed verdict all evidence most favorable to the plaintiff, together with all reasonable inferences that may be drawn therefrom favorable to the plaintiff, must be taken as true. Questions of contributory negligence as well as the defendant's negligence must ordinarily be left to the determination of the jury. *Ames & Frost Co. v. Strachurski,* 145 Ill. 192; *Lake Shore & M. S. Ry. Co. v. Enright,* 129 Ill. App. 223; *Baltimore & O. S. W. Ry. Co. v. Then,* 159 Ill. 535. It is also the rule that, where all of the evidence and legitimate inferences therefrom favorable to plaintiff show that plaintiff was not in the exercise of due care and that his own negligence contributed to the accident, the trial court is justified in instructing the jury to return a verdict for the defendant. *Greenwald v. Baltimore & O. R. Co.,* 332 Ill. 627; *Wilson v. Illinois Cent. R. Co.,* 210 Ill. 603; *Beidler v. Branshaw,* 200 Ill. 425.

A person standing so near to the edge of a railroad platform as to be struck by a passing train is guilty of contributory negligence which bars a recovery. In *Chicago B. & Q. R. Co. v. Mahara,* 47 Ill. App. 208, Mr. Justice Cartwright used this apt language:

"A railroad track along which a train may pass is necessarily a place of danger. Platforms along such places are designed to afford a means of passage along and approach to the trains. Every person knows that it is not safe or prudent to stand on the edge of a platform while a train is passing, if the train does not overlap the platform at all, and only comes even with its edge. To be safe for such purpose a platform would have to be some distance away, so as to be unserviceable as a platform. Such a platform as a person of reasonable prudence would stand on the edge of while a train would pass him would be of no use in alighting from or getting on cars."

To the same effect are *Myers v. Northwestern El. R. Co.,* 227 Ill. App. 599; *Hutchinson v. Boston & Maine R. R.,* 219 Mass. 389; *Matthews v. Pennsylvania R. Co.,* 148 Pa. St. 491; *Dotson v. Erie R. Co.,* 68 N. J. L. 679; *Pennsylvania R. Co. v. Bell,* 122 Pa. St. 58; *Zumault v. Kansas City R. Co.,* 175 Mo. 288; *Chicago & E. I. R. Co. v. Weir,* 91 Ill. App. 420; *St. Louis Southwestern R. Co. v. Douglas,* 119 Ark. 33, 175 S. W. 518.

Plaintiff's evidence tended to show that he was suffering from a cold at the time which caused him to cough, and it is argued that presumptively he was leaning over and coughing when struck by the train. This, however, is only speculation as no eyewitness testified as to his position at or just before the instant he was struck.

Plaintiff argues that under the "doctrine of last clear chance," even if plaintiff was guilty of contributory negligence, yet it was the duty of defendant's motorman to see the danger plaintiff was in and to refrain

from running his train without slackening speed or sounding any warning. So far as the record shows, plaintiff was not in a position where he would be struck until the moment before he was struck. Whether "the doctrine of last clear chance" can be said to obtain in this State is not important in the instant case. It is established by a large number of decisions, without any dissent, that where a party seeks to recover damages he must be able to show that his own negligence has not concurred with that of the other party in producing the injury, and the burden of proof is upon him to show that he was not guilty of negligence contributing to the injury. *West Chicago St. R. Co. v. Liderman,* 187 Ill. 463; *City of Macon v. Holcomb,* 205 Ill. 643; *Krieger v. Aurora, E. & C. R. Co.,* 242 Ill. 544; *Carson, Pirie, Scott & Co. v. Chicago Rys. Co.,* 309 Ill. 346. The rule is otherwise where the defendant is charged with the wanton and wilful infliction of an injury, which is not this case.

It is claimed to be reversible error for the trial court to instruct the jury orally directing a verdict. While it is the better practice to give peremptory instructions in writing, yet the failure so to do does not necessarily constitute reversible error. If the verdict and judgment are clearly right, it is immaterial whether the instruction is oral or written. *Daily v. Boudreau,* 231 Ill. 228; *French, Potter & Wilson v. Wolf,* 22 Ill. App. 525; *Greathouse v. Summerfield,* 25 Ill. App. 296; *Derby v. Peterson,* 128 Ill. App. 494; *Fisher v. Dunn,* 200 Ill. App. 63; *Sears v. C. C. Emmerson & Co.,* 182 Ill. App. 522.

Under the evidence the instruction of the trial court was proper and as upon the record there could be no other proper result, the judgment is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.