KARNOPP *v.* FORT SMITH LIGHT & TRACTION COMPANY.

Opinion delivered June 14, 1915.

1.  STREET RAILWAYS—INJURY TO PERSON ON STREET—NEGLIGENCE.—
    Plaintiff was struck by a moving street car, and severely injured,
    while she was pursuing a dog, which she believed to be in danger.
    In an action for damages against the street car company, in fixing
    liability it is for the jury to say whether, under all the circum-
    stances, plaintiff's act was a negligent one, and the determination
    of that question will depend upon the finding of the jury as to
    whether a reasonably prudent person, under the circumstances,
    would have so acted.

2.  STREET RAILWAYS—INJURY TO PEDESTRIAN—DUTY OF MOTORMAN—PRE-
    SUMPTION.—The motorman of a street car has the right to assume
    **that a pedestrian or other** traveler on the street railway's track,
    who is apprised of the approach of the car, will act under the im-
    pulse of self-preservation, and get off the track in time to save
    himself from injury; however, the motorman is not entitled to
    indulge that presumption after he reaches the point of danger,
    but he must keep his car under control, so that if it turns out that
    the traveler is insensible to his danger, or if he be unable to ex-
    tricate himself from danger, he can still give warning to stop the
    car in time to avoid injury.

3.  STREET RAILWAYS—DUTY OF PEDESTRIANS TO LOOK AND LISTEN.—A
    person crossing the tracks of a street railway is required to exer-
    cise care to look and listen for approaching cars, but is not held
    to the same high duty as a person crossing a steam railway cross-
    ing; however, the duty to look and listen is not an absolute duty,
    and it is not negligence *per se* to fail to look and listen for ap-
    proaching cars before crossing, and such failure is negligence only
    where the situation and surrounding circumstances are such that
    a person of ordinary prudence would have looked and listened.

4.  TRIAL—INSTRUCTING JURY—READING FROM OPINION OF SUPREME COURT.
    —In instructing the jury, it is the duty of the court, in referring to
    opinions of the Supreme Court, to make a concrete application of
    the law as stated in the opinion, to the issues joined in the case on
    trial; and while it is not commendable practice for the trial court
    to read extensively from an opinion of the Supreme Court, in
    instructing the jury, such action will not be held to be prejudicial.

Appeal from Crawford Circuit Court; *James Coch-
ran,* Judge; reversed.

*J. D. Arbuckle* and *J. V. Bourland,* for appellant.

1.   Instruction 6 is abstract and misleading, ignores
all the admitted facts and makes the street car supreme

in the street, protecting it almost absolutely from liability.   32 So. 797; 44 Fla. 354; 14 Ky. Law Rep. 663; 99 Me. 149; 99 Mo. 509.

2.   In instruction 10 the court in effect tells the jury that appellant had no right to be on the street; that the motorman owed her no duty to see her, in the first place, and that even if he had seen her, still he would be justified in assuming that she would get out of the place of danger without any duty resting upon him to stop or check the car in order to avoid injuring her, until he actually discovered her in a perilous position and unable to get into a place of safety.   127 Mo. 12; 27 Ky. Law Rep. 316.

3.   Instruction 11 does not correctly apply the law to the facts in the case upon the subject of contributory negligence.   It emphasizes the requirement that appellant must prove by a preponderance of the evidence that the motorman *actually saw her*, totally ignoring his *duty to see her* under the circumstances.   15 Tex. Civ. App. 229; 35 Ind. 467; 37 Ill. 548; 74 N. Y. App. Div. 505.

4.   The court erred in refusing to give instruction 1, requested by appellant.   144 U. S. 408; 74 Ala. 150; 53 Conn. 461; 103 Ill. 161; 40 Pa. St. 399.

5.   The court erred in reading to the jury as an instruction a part of the opinion in the case of *Little Rock Railway & Electric Company* v. *Sledge*, 108 Ark., at pages 102 and 108, the circumstances of which case were entirely different from this case.   It was inapplicable, abstract and misleading as applied to the facts of this case.

*Jos. M. Hill* and *H. L. Fitzhugh*, for appellee.

1.   One who deliberately walks in close proximity to a street car track with his back to an approaching car, without looking, is, as a matter of law, guilty of contributory negligence.   80 Ark. 169, and cases cited.

2.   Instruction 6 was correct.   It was practically a copy of an instruction given in *Little Rock Railway & Electric Co.* v. *Green*, 78 Ark. 129.

3.   The motorman in charge of the car had the right to presume that appellant would remain in a place of

safety and not go into danger, and the motorman was under no duty to stop or check the car until he discovered appellant in a perilous position. Instruction 10 was right.   78 Ark. 129; 93 Ill. App. 387.

4.   Instruction 11 was correct as applied to the facts in evidence.   62 Ark. 164.

SMITH, J.   This action was brought by appellant to recover damages to compensate an injury received by her in a collision with one of appellee's street cars.   Appellant was chasing a young bird dog on the street to get it off the street and out of the danger of passing cars, and in doing so fell and the car ran over her foot, necessitating its amputation.   There is a sharp conflict in the evidence as to the circumstances under which she was injured, the evidence on her part being to the effect that she fell in front of the car and that the entire car ran over her foot; while that on the part of the appellee is to the effect that she fell under the side of the car, causing her to be thrown to the ground, and that the rear truck only passed over her foot.   The proof shows that Fifth Street cars stopped at Garrison Avenue and did not go beyond that point but remained there a short time before making the return trip.   The evidence on the part of appellant was that the cars waited five minutes before beginning the return trip.   Appellant testified that when she saw the dog on the track she followed him about half way between the car track and the gutter, when the dog turned back toward the track, and then ran along the rail of the track, and while she knew the car had reached Garrison Avenue, she supposed it would remain there the usual length of time before returning, but that the car returned sooner than she expected and struck her without warning.

The court gave a number of instructions, and of these the appellant complains of instructions numbered 6, 10 and 11, given at the instance of appellee; and she also complains of the action of the court in refusing to give an instruction numbered 1, requested by her.

These instructions 6, 10 and 11, given at the instance of appellee, are as follows:

"6.   If the employees of the street railway company in charge of its car, see a person upon the street along by the side of the car track, in front of an approaching car, they have a right to rely upon human experience and presume that she will act upon principles of common sense and the motive of self-preservation common to people in general, and will not attempt to go upon or cross the track in front of the approaching car, and may go on without checking the speed of the car until they see she is likely to go upon the track in front of the approaching car, when it would be their duty to give extra alarm by bell or gong, and, if that is not heeded, then as a last resort to check its speed or stop the car if possible in time to avoid the accident."

"10.   The motorman in charge of defendant's car had a right to presume that plaintiff would remain in a place of safety and would not go into a place of danger, and there was no duty resting on the motorman to stop or check said car, until he actually discovered plaintiff in a perilous position and unable to get into a place of safety."

"11.   If you believe from the evidence that plaintiff went upon or so close to defendant's street car track, immediately in front of an approaching car at a time and place when her view was unobstructed and where she could have seen the approaching car had she looked or heard the car had she listened, then the court instructs you that the plaintiff was guilty of negligence contributing to her own injury, which would bar her recovery in this action, unless the plaintiff should show by a preponderance of the evidence, that defendant's motorman actually saw her in a perilous position and likely to be struck and injured by said car and failed to exercise ordinary care to prevent said injury after so discovering plaintiff's peril."

Instruction numbered 1, requested by appellant and refused by the court, was to the effect that if at the time

appellant went upon the street she saw the car 300 yards distant standing in accordance with a custom, known to her, or remaining standing five or more minutes before starting on return trip; and if she at the time reasonably anticipated that her errand upon the street could and would be accomplished before the return of the car, and if before the injury she had no knowledge of the approach of the car, then the jury would be warranted in finding that she was not negligent in not looking back, if, indeed, she did not at the time look back for the approach of the car.

We think none of these instructions should have been given.

(1) Instruction numbered 1, requested by appellant, relieved her of all duty to look and listen or to be aware of the approach of the street car while she chased the dog down the track, if she believed she could accomplish her errand of pursuing and overtaking the dog before the car began its return trip. This instruction was erroneous for the reason, among others, that it was not shown how much of the five minutes had expired before appellant commenced chasing the dog, but even though none of it had expired, the jury should have been permitted to say whether under all the circumstances, appellant's act was a negligent one, and the determination of that question would have depended, of course, upon the finding of the jury as to whether or not a reasonably prudent person under the circumstances would have so acted.

(2) Instruction numbered 10, set out above, declares the law which would have been applicable to an injury to a trespasser upon a railroad track prior to the passage of the Lookout Statute of 1911*; and instructions 6 and 11 do not correctly state the right of pedestrians to use the street. An instruction in substantially the language of instruction numbered 6 was disapproved by this court in the case of *Pankey* v. *Little Rock Ry. & Elec. Co.*, 117 Ark. 337, 174 S. W. 1170, where in disapproving the instruction it was said:

---

*Act 284, p. 275, Public Acts of 1911 (Rep.).

"Stating the rule in other language, the motorman has the right to assume that a pedestrian or other traveler on the track who is apprised of the approach of the car will act under the impulse of self-preservation and get off in time to save himself from injury. Yet the motorman is not entitled to indulge that presumption after he reaches the point of danger, but he must keep his car under control so that if perchance it turns out that the traveler is insensible to his danger or be unable to extricate himself from danger he can still give warning or stop the car in time to avoid injury."

(3)    The instruction numbered 11, imposed upon appellant the same absolute duty of looking and listening as would have been imposed upon her at a railroad crossing. This instruction tells the jury that if appellant's view was unobstructed and she could have seen the approaching car had she looked, or could have heard the car had she listened, she was guilty of contributory negligence and could not recover unless the motorman saw her perilous position in time to have averted the injury after discovering her peril. The duty of pedestrians to look and listen was considered in the case of *Little Rock Ry. & Elec. Co.* v. *Sledge,* 108 Ark. 95, in which case we quoted the rule as stated in 36 Cyc., page 1537, as follows:

"As a general rule, it is the duty of a person about to cross a street railroad track to exercise ordinary care and diligence, according to the circumstances, to look and listen for approaching cars in time to avoid an accident, and, if he sees an approaching car in close proximity, to stop until it passes, although he need not exercise the same high degree of care in this respect as is required in crossing a steam railroad. He must look and listen at the time and place which will be reasonably effective to afford him information of the presence of an approaching car, and ordinarily must look and listen in both directions, and must continue to look and listen until he is safely across, and if he goes along heedlessly * * * and allows his attention to become so absorbed that he gives no heed to his danger by reason whereof he is injured, he is guilty of con-

tributory negligence precluding a recovery, notwithstanding negligence on the part of the company, unless the company wilfully or wantonly inflicts the injury, or fails to exercise ordinary care to avoid injuring him after discovering his peril. But ordinarily a person is not required to stop to look and listen before crossing, except where the circumstances, as where the view is temporarily obstructed, are such as to require stopping in order to properly look or listen. As a general rule, however, the duty to look and listen is not an absolute duty, and it is not negligence *per se* to fail to look and listen for approaching cars before crossing, but such failure is negligence only when the situation and surrounding circumstances are such that a person of ordinary prudence would have looked and listened.''

(4) Complaint is also made of the action of the trial court in reading extensively from the opinion in the Sledge case, *supra.*

This is not a practice to be commended, as it is ordinarily preferable for the court to make a concrete application of the law as stated in the opinion in any case to the issues joined in the case on trial. But no prejudice resulted from this action of the court.

For the errors indicated the judgment of the court below is reversed and the cause will be remanded for a new trial.