THE PINE BLUFF COMPANY *v.* CRUNK.

Opinion delivered May 14, 1917.

STREET RAILWAYS—INJURY TO PERSON ON STREET.—In an action for damages from a collision by a street car and a person riding in an automobile, it is improper to tell the jury that plaintiff had the right to cross the street without other precaution, providing the street car was not running at a negligent and unusual rate of speed.

Appeal from Jefferson Circuit Court; *W. B. Sorrells,* Judge; reversed.

*Bridges, Wooldridge & Wooldridge,* for appellant.

1. The court erred in refusing to direct a verdict for defendant. Defendant was not guilty of any negligence, but plaintiff was—he was simply trying to beat the car across the track, and his negligence bars a recovery. He was, at least, guilty of contributory negligence. 108 Ark. 95; Joyce on Electric Law, § 650; 119 Ark. 295; 116 *Id.* 125; 62 *Id.* 164; 64 *Id.* 421; 72 *Id.* 572.

It is negligence *per se* to drive immediately in front of an approaching car without looking or listening. The case should be reversed and dismissed. 111 U. S. 228; 111 Ark. 337.

2. The court erred in its instructions. 108 Ark. 95; *Ib.* 108; 72 *Id.* 572, 581.

3. The verdict is excessive.

*E. J. Kerwin* and *Rowell & Alexander,* for appellee.

1. There was no negligence. The jury were properly instructed. The verdict is right. 110 N. W. 118; 36 Cyc. 1535; 60 Atl. 530; 33 S. W. 920; 110 Fed. 496; 49 C. C. A. 115; 84 S. W. 1154; *Ib.* 213; 90 *Id.* 1142; 83 *Id.* 995; 69 Ark. 289.

SMITH, J. Appellee recovered damages to compensate an injury sustained by him as a result of a collision between an automobile in which he was riding and one of appellant's street cars.

Among other instructions one was given, of the court's own motion, which reads as follows:

"3. If you believe from a fair preponderance of the evidence that the plaintiff, when he started across the street at the intersection of Seventeenth and Cherry streets, saw the street car some distance away, and you believe from a fair preponderance of the evidence that plaintiff had time to cross the tracks of the defendant company in time to avoid a collision with the street car had the street car been running at a reasonable rate of speed, and you find that the street car was running at a negligent and unusual rate of speed, so that plaintiff could not cross the track safely within the time, then you should find for the plaintiff."

This instruction, in effect, makes the speed of the street car the test of liability. It permits a recovery upon a finding that if, when appellee started across the street, he saw the car, and then had time to cross the street in safety, provided the street car was not running at a negligent rate of speed. This instruction gives appellee a preferential right to the use of the street, and absolved him from any duty to exercise care for his own safety except to determine, when he first saw the street car some distance away, whether he could safely cross the street, provided the car was not running at a negligent and unusual rate of speed. It imposed upon the motorman alone the duty of exercising care to avoid the collision; provided appellee was correct in his surmise that he had time to cross in safety, if the motorman did not run the car at a negligent or unusual rate of speed.

The instruction is in conflict with other instructions which declared the duty to exercise care to be reciprocal, and which told the jury that there could be no recovery, if the collision was due to appellee's contributory negligence. No other prejudicial error is called to our attention.

For the error in giving this instruction, the judgment of the court below will be reversed and the cause remanded for a new trial.