## PINE BLUFF COMPANY v. WEBB.

### Opinion delivered June 23, 1919.

1. STREET RAILROAD—COLLISION—SUFFICIENCY OF EVIDENCE.—In an action against a street railroad company for negligence in a collision between defendant's street car and the wagon in which plaintiff's intestate was killed, evidence *held* sufficient to establish negligence on defendant's part.

2. SAME — DISCOVERED PERIL — NEGLIGENCE.—Where a motorman in charge of a street car discovered a traveler in a position of peril, it was his duty to exercise ordinary care to avoid injuring him.

Appeal from Jefferson Circuit Court; *W. B. Sorrells,* Judge; affirmed.

*Bridges, Wooldridge & Wooldridge,* for appellant.

1. The court erred in giving instructions 1, 2, 3 and 4 for plaintiff and in refusing No. 6 for defendant, as requested, and in modifying it. 99 Ark. 384; 83 *Id.* 61; 122 *Id.* 272; 123 *Id.* 594. Deceased's own negligence directly contributed to the injury, and there could be no recovery. *Ib.*; 108 Ark. 95 (108); 36 Cyc. 1537; 72 Ark. 572; 27 A. & Eng. Enc. Law (2 ed.) 63-72; 24 Atl. 596; Booth, St. Ry. Law, § 303, and cases cited.

2. The verdict is not sustained by the evidence, and the law was not correctly stated in the court's charge. 116 Ark. 125 (139), and cases *supra.*

*Rowell & Alexander,* for appellee.

1. Reading the instructions together as a whole, they correctly state the law. 83 Ark. 61; 119 *Id.* 295.

2. The verdict is small, but it is right, and is sustained by the evidence, and there was no prejudicial error.

McCULLOCH, C. J. Appellant owns and operates the street railway system in the City of Pine Bluff, and appellee's intestate, R. J. Preston, died from personal injuries inflicted in a collision with one of appellant's street cars. This is an action instituted by appellee to recover damages for the benefit of the estate and the next of kin, and in the trial of the case before a jury

there was a verdict in appellee's favor for the recovery of a small sum on each branch of the case.

The collision occurred at the intersection of Sixth Avenue and Oak Street. The street cars run along Sixth Avenue, and Preston was, at the time of the collision, going east on Sixth Avenue. He was a truck farmer, and was peddling vegetables in Pine Bluff, and was driving a wagon loaded with produce. He was walking along the street near the curb on the south side with the lines in his hand driving the horse, and, as he approached Oak Street, he turned to the left, or towards the north, to cross the car track so as to go north on Oak Street. The street car was behind him, coming from the west, and struck his wagon and knocked him and the wagon from the track. He was seriously injured and died a few days later. The collision occurred about noon, and several passengers on the car, in addition to the motorman testified concerning the facts of the case. The testimony adduced by appellee tends to show that the street car was from 100 to 150 feet distant when Preston started driving across the track, and that the motorman could have stopped the car and avoided the collision by the exercise of ordinary care. The testimony adduced by appellant tends to show that Preston drove on the track when the car was from 15 to 25 feet distant, and that the motorman made every reasonable effort to stop the car by applying the brakes. There is a slight conflict in the testimony as to the speed the car was going, but it appears to be undisputed that the car had stopped for a passenger at the corner of the street next to Oak Street and was not going at full speed when the collision occurred.

If the jury found the facts to be in accordance with the testimony introduced by appellee with respect to the distance of the car when Preston drove on the track, then the conclusion was warranted that he was not guilty of contributory negligence in attempting to cross the track under those circumstances, and that on the other hand the motorman was guilty of negligence in failing to exer-

cise ordinary care to stop the car in time to prevent the collision. There is no dispute in the testimony as to the fact that the motorman saw Preston when he drove on the track, the only dispute being as to the distance the car was from the wagon and team at that time. So the real issue in the case was practically narrowed down to the question of the distance between the wagon and the car at the time Preston drove on the track. We cannot say that the finding of the jury was not supported by sufficient evidence.

It is earnestly insisted that the court erred in giving the following instruction at the request of appellee:

"If you should find from the evidence that the deceased started to drive across defendant's street car track when defendant's car, approaching, was at such a distance as to lead a reasonable person, under the circumstances at the time, to believe he had sufficient time to cross over and get off in safety before the arrival of the car at said place; that the position of deceased was so noticeable and apparent that a reasonable person in the position of the motorman on defendant's car approaching the deceased, and in the exercise of ordinary care in keeping a lookout for persons or property approaching or on the track, would have discovered the deceased, and that it would have been apparent to such person that the deceased was in a dangerous position; that said motorman, by the exercise of ordinary care, could have discovered the dangerous situation of deceased in time to have stopped his car and avoided injuring the deceased; and that defendant's motorman did not use ordinary care with the means at his command to stop the car and prevent the collision, and did not use ordinary and reasonable care in keeping a lookout whereby he failed to discover the dangerous situation of the deceased, and did strike deceased's wagon and injured deceased in consequence of his failure to use such care, then it is your duty to find for the plaintiff."

It is argued that this instruction ignored the duty of Preston to exercise ordinary care for his own safety,

but we think, that, instead of ignoring that question, it expressly submitted it in the first part of the instruction. The instruction presupposes that Preston saw the approaching street car, but leaves it to the jury to say whether or not it constituted negligence for him to start across the track under the circumstances as the jury might find to exist. The right to use the crossing was a reciprocal one; and if the jury found that the street car was distant to the extent stated by appellee's witnesses and in broad daylight the motorman could see the crossing, the inference would have been warranted that it was not imprudent for Preston to attempt to drive across under those circumstances. This instruction does not, as contended by learned counsel for appellant, impose on the motorman the sole duty to exercise care to avoid a collision, but merely defines the duty of the motorman in the event they found that Preston was in the exercise of ordinary care when he drove on the track. This instruction was in some respects too favorable to appellant, for, as before stated, it was undisputed that the motorman saw Preston when he drove on the track, and the only question left for the determination of the jury was whether or not he exercised ordinary care to avoid the collision after discovering the traveler's peril.

Other instructions on the subject of discovered peril were correct, and no error was committed by the court in that respect.

The court gave all the instructions requested by appellant, except No. 6, which was modified by adding the italicized words, so as to read as follows:

"Contributory negligence means negligence on the part of the deceased—that is, a failure on the part of the deceased to exercise reasonable care for his own safety. If you find from a preponderance of the evidence that the deceased was guilty of some negligence which contributed to produce the accident which resulted in his injury, then plaintiff cannot recover damages for such injury, even though it may further appear that the motorman in charge of the car was also negligent.

*Unless you find that the motorman failed to exercise ordinary care after discovering the danger or peril of the deceased."*

Error is assigned in the modification, but we are of the opinion that the modification was correct so as to incorporate the doctrine of liability for negligence after discovery of peril.

It is unnecessary to discuss the other instructions in detail, for they are not in conflict with the law on this subject discussed in previous cases. *Little Rock Railway & Electric Co.* v. *Sledge,* 108 Ark. 95; *Bain* v. *Fort Smith Light & Traction Co.,* 116 Ark. 125; *Pankey* v. *Little Rock Railway & Electric Co.,* 117 Ark. 337; *Karnopp* v. *Fort Smith Light & Traction Co.,* 119 Ark. 295; *Pine Bluff Co.* v. *Crunk,* 129 Ark. 39.

The recovery in this case was for a very moderate sum, and our conclusion is that the evidence was sufficient to sustain the verdict, both as to liability as well as to the extent of the compensation to be awarded, and that there was no error committed by the court in its charge to the jury. The judgment is therefore affirmed.