YAFFEE *v.* FORT SMITH LIGHT & TRACTION COMPANY.

Opinion delivered May 8, 1922.

1. TRIAL—INSTRUCTION—JURY'S PROVINCE.—An instruction that the driver of an automobile was guilty of contributory negligence if he heard the approach of the street-car, or saw it approaching, or by the exercise of ordinary care could have seen or heard it in time to avoid the collision, was erroneous, as it was a question for the jury whether the driver was negligent in attempting to cross in front of the street-car, even if he did see it approaching.

2. STREET RAILROADS—RIGHT TO USE OF STREETS.—The driver of an automobile approaching street-car tracks and the street-car company have reciprocal obligations under the law, to observe the rights of each other in the streets and to exercise ordinary care to avoid collisions.

3. STREET RAILROADS—QUESTION FOR JURY.—There is no absolute duty on the part of automobile driver, on approaching a street-car crossing, to look and listen for the approach of cars; the extent of his duty being a question for the jury.

4. TRIAL—SUFFICIENCY OF OBJECTION TO INSTRUCTION.—An instruction that an automobile driver could not recover if he could have seen or heard the street-car approaching before he attempted to cross the track was so inherently erroneous that a general objection to it was sufficient.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; reversed.

*Chew & Ford* and *E. L. Matlock,* for appellant.

*Hill & Fitzhugh,* for appellee.

McCULLOCH, C. J. The plaintiff, Simon Yaffee, resides in the city of Fort Smith, and, while driving an automobile along one of the streets of the city, there was

a collision between the automobile and a street-car operated by servants of the Fort Smith Light & Traction Company. The automobile was demolished in the collision, and plaintiff claims to have sustained serious personal injuries. There is a conflict in the testimony as to the extent of the injuries.

This is an action instituted to recover damages, it being alleged in the complaint that the collision was caused by negligence of defendant's servants in the operation of the street-car.

The collision occured at the intersection of two streets, on one of which a street-car was being operated, and along the other the plaintiff was traveling in his automobile.

The acts of negligence set forth in the complaint are that the street-car was operated at an unusual and dangerous rate of speed; that the servants of defendant operating the car failed to give warning, by bell or otherwise, of the approach of the street-car to the crossing, and that they failed to exercise ordinary care on approaching the crossing to discover the presence of travelers about to cross. It is further alleged that, if such care had been observed by the motorman, plaintiff's presence at the crossing and on the track would have been discovered in time to avoid the collision.

All of the alleged acts of negligence are denied in the answer, and it is alleged that the collision occurred solely by reason of the negligence of plaintiff himself in attempting to cross the track while the street-car was at the crossing.

There was a trial of the issues, which resulted in a verdict in favor of the defendant.

The street-car track runs along Eleventh Street, and plaintiff attempted to cross at C Street. This is conceded to be a dangerous crossing on account of proximity of buildings to the line of the street, which obscure the view at the crossing.

Plaintiff was driving along the street with his family in the automobile, and he was doing the driving himself.

The testimony of plaintiff himself and that of witnesses introduced by him tended to show that the street-car approached without signal of any kind and at a high and unusual rate of speed—twenty to thirty-five miles an hour; that plaintiff was driving his automobile at a speed of four or five miles an hour after having slowed down for the crossing; that, while he was crossing the car track, the street-car struck the automobile about midway of the hood and demolished it, inflicting serious personal injury upon plaintiff, and that the street-car, after striking the automobile, ran about half a block before it was brought to a stop.

Plaintiff testified that as he approached the crossing he listened for an approaching street-car, but did not hear the noise of the car, and that it was too late to stop before driving across the track.

The evidence adduced by the defendant tended to show that the street-car was running at a very moderate rate of speed as it approached the crossing; that the gong on the car was being continuously sounded, and that the street-car did not strike the automobile, but that, on the other hand, plaintiff ran his automobile against the side of the street-car as the car was crossing C Street. In other words, the testimony adduced by defendant tended to show that the collision was caused solely by the negligent act of the plaintiff in driving his automobile against the street-car as it passed the crossing. The inference also might have been drawn from the testimony that, even though the automobile was struck by the street-car, as claimed by plaintiff, the collision was caused by the negligent act of the plaintiff himself in attempting to cross immediately in front of the approaching street-car after he had discovered the approach of the car, or could have discovered its approach by the exercise of ordinary care.

Among other instructions given at the request of the defendant, the following was given over the plaintiff's objection:

"Though you should believe from the evidence that the gong or other alarm was not given upon said street-car at said crossing, still; if you believe that the plaintiff heard the approach of said car or saw said car approaching, or by the exercise of ordinary care for his own safety could have seen or heard said approaching car in time to have avoided the collision, then the court instructs you that the plaintiff was guilty of contributory negligence, defeating recovery herein, and your verdict should be for the defendant."

This instruction was erroneous in telling the jury that if the plaintiff was aware of the approach of the street-car, or could, by the exercise of ordinary care, have discovered the approach of the car, he was guilty of contributory negligence and could not recover. This is not a correct statement of the law under the issues presented in this case.

The plaintiff and the defendant street-car company were both using the streets, with reciprocal obligations under the law to observe the rights of each other and to exercise ordinary care to obviate collisions. *Pankey* v. *Little Rock Ry. & Elec. Co.,* 117 Ark. 337.

There was no absolute duty on the part of plaintiff, while traveling the street and approaching a crossing of the street-car track, to look and listen for the approach of cars, but the extent of his duty in that respect was an issue for the determination of the jury. *Pankey* v. *Little Rock Ry. & Elec. Co., supra; Karnopp* v. *Fort Smith L. & T. Co.* 119 Ark. 295; *Pine Bluff Co.* v. *Webb*, 139 Ark. 251.

The charges of negligence set forth in the complaint and involved in the testimony adduced are that the servants of the defendant not only failed to give warning of the approach of the car, but were operating the car at a dangerous rate of speed, and failed to exercise ordinary care to discover the presence of travelers at the crossing. There was a conflict in the testimony upon this issue, and it was not correct to say that merely because the plaintiff had failed to exercise care to discover the

approach of the street-car he was barred from a recovery of damages, regardless of the negligent acts of the servants of defendant, and regardless of the distance of the car from the crossing when it could have been discovered by the plaintiff, and the speed of the car as it approached.

The jury might have found that, even though the plaintiff could, by the exercise of ordinary care, have discovered the approach of the car, under the circumstances he was not guilty of negligence in making the effort to cross ahead of the car, and that the collision was caused by the dangerous speed at which the car was being operated, and negligence on the part of the motorman in failing to discover plaintiff's approach and to take proper steps to avoid a collision.

It was a question of fact for the jury to determine what constituted due care or negligence in attempting to cross as the car approached. This, of course, depended upon the distance of the car from the crossing at the time the traveler attempted to cross, and the speed at which the car was being operated at the time.

There is no charge in the complaint of peril actually discovered by the motorman, but there is a charge that the motorman failed to keep a look-out for the approach of travelers, and that the collision could have been prevented if proper care in that respect had been observed by the motorman.

In the Pankey case, *supra,* we condemned a similar instruction—at least similar in principle, where the court told the jury that, if the plaintiff in that case knew that the car was approaching and undertook to cross the track in front of it, he assumed the risk and could not recover. In disposing of that feature of the case, we said:

"If the plaintiff's own negligence contributed directly to his injury, then he cannot recover; but that was a question for the jury, and it was improper to tell the jury that, because he attempted to cross in front of an approaching car, he assumed the risk or was guilty of contributory negligence. This instruction entirely ig-

nored the duty of the operatives of the street-car to exercise ordinary care to prevent injury to travelers, and only made the company liable for negligence after discovering their perilous position. It excluded from the jury all consideration of negligence in failing to sound the gong, or in failing to look for travelers on the track. In short, it excluded from the jury everything that would tend to place liability on the company except the fact of liability for discovered peril.''

In the present case the instruction even excluded liability for discovered peril, because it told the jury, in so many words, that if the plaintiff could, by the exercise of ordinary care, have discovered the approach of the car, he was not entitled to recover under any circumstances.

It is contended on the part of counsel for defendant that the defects in the instruction called for a specific objection, but we are of the opinion that the instruction was inherently erroneous, and a general objection to it was sufficient.

On account of the error in giving this instruction, the judgment is reversed, and the cause remanded for a new trial.