## Martin Zyla, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

### Gen. No. 15,353.

1. ORDINARY CARE—*duty of driver of wagon*. It is the fundamental duty of the driver of a wagon to look ahead and keep a sharp lookout to avoid colliding with vehicles and persons which may obstruct his path.

2. NEGLIGENCE—*duty of motorman*. It is the duty of a person in charge of an electrically propelled car to have such car within reasonable control upon approaching cross thoroughfares so that the same may be readily brought to a standstill and collisions avoided.

3. INSTRUCTIONS—*what cannot be considered upon motion for peremptory*. Upon a motion for a peremptory instruction asked at the close of all the evidence it is not the province of the court to weigh the evidence or to solve the conflict appearing therein.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the March term, 1909. Reversed and remanded. Opinion filed November 10, 1910.

B. J. WELLMAN, for plaintiff in error; GEORGE McMAHON, of counsel.

C. LE ROY BROWN and PAUL W. WEMPLE, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The learned trial judge on the motion of the defendant, at the conclusion of the hearing of all the proofs of both contestants, directed a verdict of not guilty and thereon entered a judgment of *nil capiat* and for costs. This writ of error seeks a reversal of that judgment on the contention that the case made was one of disputed fact which should have been left to the jury for solution.

The *gravamen* of the charge of negligence against defendant is that the car which collided with the wagon

which plaintiff was driving was so carelessly and negligently operated and managed that the collision occurred injuring plaintiff, who was in the exercise of due and ordinary care.

The evidence tended to show that plaintiff was driving his team, drawing an empty coal wagon, in which he was riding, north near the intersection of a cross street; that when plaintiff and his wagon were within about twenty-five feet from the cross street a car of defendant going in the same general direction struck the wagon in the rear, throwing the plaintiff off the wagon into the street and injuring him.

There is some conflict in the evidence as to whether plaintiff was driving on the car track or only partially on the track, or whether he was in the act of turning out of the car track at the time of the impact and as to whether or not the bell or gong on the car was being sounded. Plaintiff swears he was not turning out but was driving straight ahead. One of plaintiff's witnesses testified that the team was going in the same direction as the car and that it appeared to be turning out to the northwest and that the car struck the end of the wagon. Two witnesses testified for defendant that the wagon was being driven north and suddenly turned out to the east just before it was struck. It is not proper for us at this time to decide what this evidence tends to prove; suffice it to say, that the conflict in the evidence was not for the court to weigh and decide; that duty devolved upon the jury under well settled legal principles in this jurisdiction. We cannot say that plaintiff was wanting in due care in not looking behind him to ascertain the approach of the car. His fundamental duty was to look ahead and keep a sharp lookout to avoid colliding with persons and vehicles which might obstruct his path, and such duty was equally obligatory on the motorman in charge of the colliding car. It is also well settled as a matter of law that it is the duty of a person in charge of an electrically propelled car to have such car within reasonable

control on approaching cross thoroughfares, so that the same may be readily brought to a standstill and collisions avoided. This is not a case akin to Chicago City Ry. Co. v. Ahler, 107 Ill. App. 397, for there the vehicle was suddenly and without warning driven on the track directly in the path of the moving car, and the court held such conduct so palpably negligent as to inhibit a recovery. In the situation of defendant's car and plaintiff's wagon, both proceeding in the same direction, a part of the wagon at least being directly in the path of the car, the duty imposed upon the motorman was to use due care to avoid a collision. In the Ahler case *supra* the defendant was absolved from liability because there was no reason to suspect that the wagon would be suddenly driven in the path of the car so as to make it impossible to avoid a collision by the exercise of due care. Neither do we regard N. C. St. Ry. Co. v. Peuser, 190 Ill. 67, as at all similar to the case at bar. The collision in the Peuser case occurred on a dark night in the outskirts of the city. All the parties in the wagon which was struck by the car were drunk, shouting and singing and paying no attention whatever to their surroundings. The motorman continuously rang the bell and when the impact came the wagon was suddenly swerved from the tracks by the driver with intent to reach, the opinion opines, a saloon which had attracted the vision of the revellers. The motorman used all diligence in an effort to avoid the collision, which was imputable to the negligent conduct of the driver of the wagon.

In the condition of the plaintiff's evidence we think it was error for the court to instruct a verdict in defendant's favor. The fact that the instruction was given at the close of all the evidence does not change the situation. The court could not weigh the evidence or solve the conflict appearing in it. The law governing is stated in Balsewicz v. C. B. & Q. R. R. Co., 240 Ill. 238, thus: "In passing upon a motion for a directed verdict the court does not weigh evidence. It looks

only to the evidence supporting the claim of the party against whom the motion is directed, and that in the light most favorable to him. Contradictory evidence, however strong, cannot be considered. If the condition of the evidence at the close of the plaintiff's case does not justify an instruction for a verdict in favor of the defendant, no evidence which the defendant may introduce will justify such instruction, except uncontradicted evidence of an affirmative defense. Evidence contradictory of the plaintiff's will not do it.'' Woodman v. Ill. Trust & Savings Bank, 211 ibid. 578; Libby v. Cook, 222 ibid. 206.

In this case it cannot be said that the failure of plaintiff to look behind constituted, in itself, such negligent conduct on his part as to bar a recovery. The following language of Mr. Justice Brown in L. S. & M. S. Ry. Co. v. Enright, 129 Ill. App. 223, is equally applicable here: ''On the whole we cannot say, to quote the language of the Supreme Court in Lake Shore & Michigan Southern Ry. Co. v. Johnsen, 135 Ill. 641, 'That negligence has been established as a matter of law because the conduct of the injured party has been so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent.' To quote further from the same opinion: 'Unless the negligence of the plaintiff is proven by such conclusive evidence that there can be no difference of opinion as to its existence upon the mere statement of the facts, the jury must pass upon it.' '' L. S. & M. S. Ry. Co. v. Enright, 227 Ill. 403.

We express no opinion as to the weight, force or effect of the conflict in the evidence found in the record, but for the error in peremptorily instructing the verdict found in the record the judgment of the Superior Court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*