## MARSHALL TRACTION CO. v. DUNN et ux.* (No. 2496.)

(Court of Civil Appeals of Texas. Texarkana. March 4, 1922. Rehearing Denied March 16, 1922.)

1. **Street railroads ⬙99(10)—Failure to look and listen not always contributory negligence.**

Failure to look and listen on approaching a street railroad crossing is not always contributory negligence.

2. **Street railroads ⬙99(5) — Buggy driver held not negligent in driving on track.**

A negro buggy driver turning into an intersecting street to avoid a collision with an automobile driven by a white man *held* not negligent in driving onto a street car track without looking in the direction of an approaching car, the motorman of which failed to sound the customary warning.

3. **Street railroads ⬙114(9)—Evidence held to show negligence in not avoiding collision.**

In an action for injuries from a street car collision, evidence *held* sufficient to justify a finding that the motorman discovered plaintiff, in his buggy, on the track in time to avoid hitting him.

4. **Trial ⬙105(2)—Hearsay evidence admitted without objection may be considered.**

In an action for injuries from a street car collision, plaintiff's testimony as to the distance, as measured by defendant, to where the motorman said he discovered plaintiff, admitted without objection, may be considered, though hearsay, and not res gestæ.

5. **Street railroads ⬙81(5) — Lookout required.**

It is the duty of a motorman to keep a lookout ahead.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by Willie Dunn and wife against the Marshall Traction Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Prendergast & Prendergast, of Marshall, for appellant.

Jones, Sexton & Jones, of Marshall, for appellees.

HODGES, J. This appeal is from a judgment against the appellant for damages resulting from a collision at a street crossing. Appellant operates a street car line on Washington avenue, which runs north and south, in the city of Marshall. Washington avenue is crossed by Grand avenue, which runs east and west. In December, 1919, the appellees, Dunn and his wife, were traveling east on Grand avenue in a buggy, intending to cross the appellant's track at the intersection of the two streets. Just as they were entering Washington avenue Willie Dunn saw an auto

coming rapidly from the south on Washington avenue. The driver of the auto held out his hand, indicating that he would turn west into Grand avenue. In order to give room and to avoid colliding with the auto, Dunn turned his vehicle to his right and then decided to go south on Washington avenue and cross at the next street. In turning south he drove his vehicle partially onto the railway track and was struck by the street car, coming from the north. The suit is based upon the negligence of the motorman in failing to sound his gong or otherwise give notice of his approach to the crossing, and also on discovered peril.

The case was submitted on special issues, in response to which the jury found the following facts: (1) The motorman in charge of the street car failed to sound the gong or whistle for the purpose of giving notice to Dunn and wife of the approach of his car before he struck the buggy; (2) that such failure was negligence; (3) the motorman discovered that the plaintiffs were in a perilous position near the street car track before the collision; (4) the motorman could have prevented the collision without danger to the passengers on his car after having discovered the plaintiff's perilous position; (5) plaintiff could have discovered the approach of the car in time to have stopped his buggy before going onto the track had he looked to the north, the direction from which the car was coming; (6) plaintiff was not guilty of contributory negligence in failing to look for the approach of the street car coming from the north; (7) neither of the plaintiffs thought of the street car before they drove onto the track. The remaining interrogatories relate to the measure of damages.

The contention on this appeal is that the undisputed facts show that the appellees, Dunn and wife, were guilty of contributory negligence, and that the evidence did not justify the jury in concluding appellees' peril was discovered by the motorman in time to avoid the collision.

In the trial of the case Willie Dunn admitted that he did not look to the north, the direction from which the street car was approaching. He also admitted that had he looked in that direction he could have seen the car in time to avoid a collision. He says that he looked south, the direction in which he was going after turning to his right in Washington avenue, and assigns as a reason for not looking in the opposite direction that he was watching the auto for the purpose of avoiding a collision with it, and was also giving some attention to the right-hand shaft of his buggy in order to prevent the consequences of too abrupt a turn of his vehicle. He furthermore testified that he did not at that time think of the approach of a car from the north.

*Writ of error dismissed for want of jurisdiction May 17, 1922.

[1, 2] It has been repeatedly decided in this state that the failure to look and listen by one approaching a railway crossing is not, under all circumstances, contributory negligence as a matter of law. Hines v. Arrant (Tex. Civ. App.) 225 S. W. 767, and cases there cited. It cannot be said, under the circumstances shown by this record, that a person of ordinary prudence would have acted differently. The appellees testified, in addition to the facts previously stated, that it was customary in the city of Marshall for motormen in charge of street cars to sound the gong or blow the whistle in approaching street crossings, and they relied upon that custom in this instance. It is true that by looking to the north the car could have been discovered, but there were conditions present in this case which were calculated to divert the attention of the plaintiffs to other matters. They were negroes, and the man in charge of the automobile was a white man. Dunn testified, in substance, that he felt it his duty to give the way to white people. He was evidently trying to keep out of the way of the automobile, which, he says, was approaching at a rapid rate of speed, and his attention was, temporarily at least, diverted from the danger which he actually encountered.

[3-5] We are also of the opinion that the evidence justified the jury in concluding that the motorman in charge of the street car discovered the appellees in time to have avoided the collision. Dunn testified as follows:

"I saw the street car man measure the place from where I got hit back to where he discovered me. He said he made an alarm there. He measured the place. I disremember whether he measured it the same day I was hit by the street car or not. They sent him from the office, and Mr. Bechtold was with him. It seems like it was 175 feet, or 165, something like that, from where I was hit to where he said he gave the alarm."

This testimony was admitted without any objection on the part of the appellant. While it appears that the measurements were not made so near the time of the accident as to become a part of the res gestæ, the record does not disclose when the declarations of the motorman were made as to where he was when he discovered the plaintiffs. Not only was this testimony admitted without objection, but the appellant made no effort to contradict it. While hearsay testimony is in some instances without probative force, under the peculiar circumstances disclosed by this record, we think the declarations of the motorman were entitled to be considered by the jury. It is furthermore shown that the motorman had a clear view of the crossing he was approaching for approximately 200 yards, and he could have seen the appellees as easily as they could

have seen him. The inference that he did see them is supported by the fact that it was his duty to keep a lookout in the direction in which he was traveling. There was no evidence that he failed in that duty.

We conclude that the judgment is supported by the evidence, and it is accordingly affirmed.