## MUSKOGEE ELECTRIC TRACTION CO. v. TANNER.

No. 14411—Opinion Filed Nov. 27, 1923.

1. Negligence—Last Clear Chance.

The doctrine of last clear chance applies usually in cases where the plaintiff or his property is in some danger from a threatened contact with some agency under the control of the defendant when the plaintiff cannot, and the defendant can prevent the injury. Defendant is charged with the duty of using ordinary care to prevent injury or accident in such case.

**2. Same—Accident at Street Railroad Crossing—Action for Damages—Instructions—Verdict.**

Record examined, and held, that instructions of the court properly state doctrine of last clear chance. Evidence examined, and held to disclose state of facts which required submission of question of last clear chance to the jury. Held, further, that verdict in the sum of $200 is not contrary to the evidence, and is not excessive.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

Action by Guy Tanner against the Muskogee Electric Traction Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Opinion by LYONS, C. The parties will be referred to as in the court below. Plaintiff sued to recover the sum of $2,275 for personal injury and injury to his automobile. Issue was joined and plaintiff recovered a verdict of $200, upon which the court rendered judgment.

The defendant's contentions in this court may be summarized as follows:

(a) That the evidence is not sufficient to sustain a recovery.

(b) That the court committed reversible error in submitting the doctrine of last clear chance to the jury in instruction numbered seven.

It appears that plaintiff was the owner of a Ford car which had been out of repair and therefore left with the Ford agency for the making of necessary repairs. On the date of the accident, plaintiff, who had just taken his car from the repair shop, was approaching the street car track. At a distance of 16 feet, approximately, from the street car track his engine "popped" and "went dead", but the momentum of the car carried it on to the street car track and the engine stalled. Plaintiff was unable to start his engine, and the street car struck his automobile, damaging it in an amount exceeding $200. It is also claimed that plaintiff suffered personal injury.

There is testimony to sustain the plaintiff's theory that the defendant's servants operating the street car saw his predicament at least half a block away, and could have stopped the street car in time to avoid injuring him. There is sufficient testimony to sustain plaintiff's theory that whether he was negligent or not in getting into the predicament of being stalled on the street car track, that defendant's servants by the ex-

ercise of ordinary care, could have avoided injuring him.

The court submitted this theory to the jury in instruction numbered 7, which is as follows:

"You are further instructed that the doctrine of last clear chance is recognized by the courts in this state as an exception to the general rule that the contributory negligence of the person injured will bar a recovery, without reference to the degree of negligence on his part, and under this exception to the rule, the plaintiff may recover damages for an injury resulting from the negligence of the defendant, if you find he was injured, although plaintiff's negligence exposed him to the danger of the injuries or damages sustained, if the injury was more immediately caused by want of care on the defendant's part to avoid the injury after discovering the peril of the defendant.

"You are further instructed that even though you should find the plaintiff guilty of contributory negligence, this will not exonerate the defendant and disentitle the plaintiff from recovering if it be shown that the defendant might, by the exercise of reasonable care and prudence have avoided the consequences of the plaintiff's negligence."

The defendant contends that this instruction is in conflict with the rule stated by this court in the case of M., O. & G. Ry. Co. v. Lee, 73 Oklahoma, 175 Pac. 367. Defendant's contention is based on the theory that the plaintiff's negligence continued up to the moment of the collision and was concurrent with any negligence that the defendant's employes may have been guilty of. We do not agree with this contention. It is true that this court stated in the above cited case the following:

"But this principle (the doctrine of last clear chance) would not govern where both parties are contemporaneously and actively in fault, and by their mutual carelessness an injury ensues to one or both of them."

This statement, however, must be read in the light of other language in the decision which is as follows:

"This rule (doctrine of last clear chance) applies usually in cases where the plaintiff or his property is in some * * * danger from a threatened contact with some agency under the control of the defendant when the plaintiff cannot and the defendant can prevent an injury."

The testimony in this case was sufficient to authorize the court to submit the doctrine of last clear chance to the jury. The court's instruction is in harmony with the rule announced in Oklahoma City Ry. Co. v. Cole, 46 Okla. 753, 149 Pac. 861, and also

announced in Clark v. St. L. and S. F. R. Co., 24 Okla. 764, 108 Pac. 361 and Atchison, T. & S. F. Ry. Co. v. Baker. 21 Okla. 51, Pac. 433. It is not contrary to the rule announced in M., O. & G. Ry. Co. v. Lee, 73 Oklahoma, 175 Pac. 367.

We think the instruction was proper and that no reversible error was committed. The evidence was sufficient to authorize a recovery and was sufficient to require the submission of the doctrine of last clear chance to the jury.

The case was fairly tried, and the verdict is sustained by the evidence. The testimony in the cause discloses that the injury to the automobile alone exceeded the amount of the verdict. There is no reversible error in the record.

The judgment of the trial court is affirmed.

By the Court: 'It is so ordered.