## MUSKOGEE ELECTRIC TRACTION CO. v. TICE.

No. 15808—Opinion Filed Nov. 24, 1925.

Rehearing Denied Jan. 26, 1926.

**1. Appeal and Error—Sufficiency of Evidence—Conclusiveness of Verdict.**

Where there is any evidence reasonably tending to support the verdict of the jury, it will not be disturbed by this court on appeal.

**2. Negligence — Right to Recover for Injuries Under Doctrine of Last Clear Chance.**

The doctrine of last clear chance is recognized by the courts as an exception to the general rule that the contributory negligence of the person injured will bar a recovery, without reference to the degree of negligence on his part; and, under this exception to the rule, the injured person may recover damages for an injury resulting from the negligence of the defendant, although the negligence of the injured person exposed him to the danger of the injury sustained, if the injury were more immediately caused by the want of care on the defendant's part to avoid the injury, after discovering the peril of the injured person.

**3. Street Railroads—Injuries to Driver in Collision at Crossing—Failure to "Look and Listen" not Negligence as Matter of Law.**

In an action for injuries from a collision at a public crossing with a motor car of a suburban railroad, while running across a public thoroughfare, the failure of plaintiff to look and listen before driving on the

track was not, as a matter of law, negligence, since, under such circumstances, the railroad was a street railroad and the motor car a street car, and, therefore, a different rule obtains than that applicable to a steam railroad.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Muskogee County; O. H. Searcy, Judge.

Action by Edgar D. Tice against the Muskogee Electric Traction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

C. A. Summers, for plaintiff in error.

Neff & Neff and Harry Davis, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Muskogee county, Okla., by Edgar D. Tice, defendant in error, plaintiff below, against the Muskogee Electric Traction Company, a corporation, plaintiff in error, defendant below, to recover damages in the sum of $21,100, for injuries received by him and to his automobile and to a load of merchandise in a collision at a public crossing of his automobile and the car of plaintiff in error. Parties will be referred to in this opinion as plaintiff and defendant, as they appeared in the lower court.

The plaintiff, in substance, alleged that he was traveling over the public highway between Muskogee, Okla., and Braggs, Okla., in a Ford truck and, at a place known as "Ross Lake Stop" upon the line of the defendant company, that the defendant carelessly, negligently and wantonly ran one of its street cars into his Ford truck, demolishing the same and severely injuring the plaintiff, setting forth the several injuries to his person, the damage to his machine, the amount of his hospital fees and doctor and nurse bills, and setting forth the amount of damages to the load of merchandise, which he was conveying from the city of Muskogee to the town of Braggs.

The defendant answered by way of general denial and pleaded contributory negligence on part of the plaintiff. Trial was had to the court and jury and the jury returned its verdict in favor of the plaintiff and against the defendant in the sum of $1,858.70. Motion for new trial was filed, heard and overruled, and exception reserved by the defendant. Judgment was rendered by the verdict of the jury for the above amount, and the cause comes regularly upon

appeal to this court by the defendant for review.

There are several assignments of error, but the attorney for defendant contents himself with presenting the same for consideration by this court under two heads, which are as follows:

"1. The verdict and judgment is contrary to and not supported by the evidence.

"II. The court erred in submitting the question of last clear chance to the jury under instruction No. 5, as follows: 'You are further instructed that if you believe from the evidence that the plaintiff did not observe the approaching street car, but that the motorman on the said street car saw the plaintiff, and when the motorman, otherwise in the exercise of ordinary care, observed that the plaintiff was not going to stop, then it was the duty of the motorman to use every means reasonably within his power to stop the street car and avoid a collision, and if he failed to do this, then your verdict should be for the plaintiff.'"

In passing upon the first proposition it will be necessary to review briefly the evidence in the case. The evidence on part of the plaintiff shows that he was driving his truck at a speed of about 12 miles an hour; that when he approached within 100 or 150 yards of the defendant's track, he looked south and did not see any car approaching, although he had an unobstructed view of a quarter of a mile; that when he drove up to 40 or 50 yards of the track he looked north and did not see any car; that the road which he was traveling was a public highway and the traffic was very heavy on said highway, as some witnesses testified there was as much travel on this highway over this crossing as there was over the streets of Muskogee, other than two main thoroughfares; that the plaintiff and his companion, Standfield, who was with him, heard no bell ring or other signal; that the interurban electric car of the defendant was being operated by a lineman and not by a regular motorman or conductor; that the car of defendant was the same in construction as the other electric street cars used in the city of Muskogee, and equipped with the same appliances; that the lineman, who was operating the car, acting as motorman, saw the plaintiff traveling in his truck more than a quarter of a mile from the crossing; that the accident occurred at a place where the car stops, or slows down, known as the "Ross Lake Stop;" that the car was about ten minutes ahead of its scheduled time at this point; that the plaintiff's truck was struck with such force and violence that it was

totally demolished, part of it being on one side of the track and part on the other side after the accident, and Stanfield, one of the occupants, says he was thrown 55 or 60 feet. There was evidence that the car of defendant, going 20 miles an hour, by applying the brakes and turning off the current, could have been stopped in 20 or 25 feet, as testified to by Joe Gillenwater, the motorman in charge of the car, and the lineman, who was acting as motorman, testified that he thought plaintiff was going to stop and he accelerated the speed of his car, and that he had before that slackened the speed of the car about 100 yards from the crossing and sounded the gong or bell; that when he saw he was going to collide with plaintiff's truck, he put on the air and reversed his car about 15 or 20 feet from the point of collision, and after the car struck the truck, it ran about ten or twelve feet beyond the crossing. The evidence is clear as to the injuries to the plaintiff and his truck, his load of merchandise, and his expenses for doctor and hospital bills and nurse hire, and while there are some contradictions, the jury by its verdict settled all disputed points, and it is now for us to say whether, under the evidence in this case, there were sufficient facts to sustain the verdict of the jury.

The only case cited and relied upon by attorney for defendant in his brief on his first assignment of error is the case of Missouri Pac. R. R. Co. v. Merritt, 104 Okla. 77, 230 Pac. 513. The rule announced in that case applies to a railroad train operated by steam, crossing a public highway, but as we understand it, a different rule applies to a car operated by electricity. Practically all of the latest decisions of the courts throughout the United States hold that the failure to look and listen by one approaching a street railway crossing is not, under all circumstances, negligence as a matter of law. Marshall Traction Co. v. Dunn (Tex.) 238 S. W. 692. There is no absolute duty upon the part of an automobile driver on approaching a crossing of a street car track to look and listen for the approach of cars, but the extent of his duty in that respect is an issue for determination by the jury. Yaffee v. Ft. Smith Light & Traction Co. (Ark.) 240 S. W. 705; Bidwell v. Los Angeles & S. D. B. Ry. Co. (Cal.) 148 Pac. 197, at 198 and 199.

"The duty of stopping, looking and listening made incumbent upon one about to cross the right of way of a steam railroad is not the rule governing the rights of foot passengers and vehicle drivers in venturing upon, crossing, or using the tracks of a street railroad."

To the same effect are the cases of: Runnels v. United Railroads of San Francisco (Cal.) 166 Pac. 18, at 19 and 20; Pilmer v. Boise Traction Co. (Idaho) 94 Pac. 432; Smallwood v. Boston Elevated Ry. Co. (Mass.) 104 N. E. 748; Dennis v. North Jersey St. Ry. Co. (N. J.) 45 Atl. 807; Union Traction Co. v. Moneyhun (Ind.) 136 N. E. 18; Whitman's Adm'r v. Louisville Ry. Co. (Ky.) 119 S. W. 165; Zyla v. Chicago City Ry. Co., 158 Ill. App. 401; Stussy v. K. C. Ry. Co. (Mo.) 228 S. W. 531; Bridenstine v. Ia. City Electric Ry. Co. (Ia.) 165 N. W. 435; and the second paragraph of the syllabus in the case of Oklahoma City Ry. Co. v. Cole, 46 Okla. 753, 149 Pac. 861.

These cases further sustain the rule as applied to street railway companies. The case of Illinois Cent. R. Co. v. Hudson (Tenn.) 188 S. W. 589, was a case where the accident occurred outside of the city limits of Memphis, Tenn., on a car having the same equipment as those used and operated in the city limits, and, in this case and in the case of Citizens Rapid Transit Co. v. Seigrist (Tenn.) 33 S. W. 920, where an accident occurred between the city of Nashville and West Nashville on Charlotte Pike, each gives the reasons for the rule applicable to motors cars operated by gas or electricity, and, in the case of Lundien v. Ft. Dodge, D. M. & S. Ry. Co. (Iowa) 147 N. W. 308, where an accident occurred on a highway crossing in the country, it was held:

"That the motorman ought to have his car under control as it passes over a crossing. The reason for such rule is equally applicable to the operation of an interurban car which is run to accommodate local travel, stopping at all public crossings where passengers may be waiting, and this reasonable requirement is a material consideration where alleged contributory negligence is relied upon by the defendant."

This court in the case of Clark v. St. L. & S. F. Ry. Co., 24 Okla. 764, 108 Pac. 361, seems to settle the rule applicable to a steam railway to be that no obligation of looking or listening is imposed upon a driver just before he crossed a track. If the driver has looked once at a place where a reasonably prudent man would have looked, there is no legal requirement for him to look again. In the case, supra, the injured party made his observation when he was about 50 feet from the track, where he had an unobstructed view of about 500 or 600 feet from where he was driving a team of horses

at a speed of three or four miles per hour, and, in the instant case, the driver of the truck was driving three or four times as fast and looked at a distance of 100 or 150 yards from the track, and saw no car approaching for a quarter of a mile; then, under the rule announced in the above-cited authorities, we are clearly of the opinion that the plaintiff was not negligent in this case, but that the defendant was negligent in the first place in placing a lineman, and not its regular motorman, in charge of its car, and having seen the plaintiff approaching the track for a distance of about a quarter of a mile, that there was a duty imposed upon it to have its own motorman in control of its car and to have stopped its car and to have avoided the collision, but instead of stopping its car, the lineman in charge thereof accelerated its speed by turning on more power, and collided with the plaintiff's car with such force as to throw one of the occupants 50 or 60 feet and to completely demolish the truck. Upon a careful examination of all the evidence in the case, we are of the opinion that the verdict of the jury and the judgment of the court thereon are amply sustained by the evidence.

On the second proposition, attorney for defendant relies upon the case of M., O. & G. Ry. Co. v. Lee, 73 Okla. 165, 175 Pac. 367, in which case we find that the engineer did not have sufficient time to stop the train after discovering the peril of the plaintiff. In this case the plaintiff was seen for something like a quarter of a mile, and was seen approaching the defendant's track at the highway crossing, and, as heretofore held, the same rule does not apply in the case of street railways, and the motorman has no right to presume that a person will not cross in front of an approaching street car. This last mentioned case was commented upon in the case of Muskogee Electric Traction Co. v. Tanner, 93 Okla. 284, 220 Pac. 655, which case is among the last pronouncements of this court upon the principle of the last clear chance, as applied to street railways, and attorneys for plaintiff, in their brief, cite many cases in support of the instruction complained of in this case, but, in our opinion, it is unnecessary to go further than the case of Muskogee Electric Traction Co. v. Tanner, supra, where this court upheld an instruction given by the trial court upon the doctrine of the last clear chance, as an exception to the general rule that the contributory negligence of the person injured will bar a recovery without reference to the degree of negligence on his part, and, under the exception to the rule,

the plaintiff may recover damages for an injury resulting from the negligence of the defendant, if the injury were more immediately caused by want of care on defendant's part to avoid the injury, after discovering the peril of the plaintiff; and if plaintiff might have, by exercise of reasonable care and prudence, avoided the consequence of defendant's negligence, and the instruction given in that case is in harmony with the rule announced in the case of Oklahoma City Ry. Co. v. Cole, 46 Okla. 753, 149 Pac. 861, and other cases cited in the opinion, and the cases of Clark v. St. L. & S. F. Ry. Co., 24 Okla. 764, 108 Pac. 361, and St. L. & S. F. Ry. Co. v. Bryan, 113 Okla. 39, 237 Pac. 613. Following the Oklahoma cases and authorities therein cited, we are of the opinion that the instruction given, under the circumstances in this case, was proper, and that no reversible error was committed.

We are, therefore, of the opinion that the verdict of the jury and the judgment of the lower court upon said verdict are proper, and finding no reversible error in the record, the judgment of the lower court should be and it is hereby affirmed.

By the Court: It is so ordered.